IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>Vs.<br><br>HONONEGAH COMMUNITY HIGH SCHOOL DISTRICT #207, a body politic, CHAD DOUGHERTY, in his official and individual capacity, BRIAN ZIMMERMAN, in his official and individual capacity, JEREMY WARREN, in his official and individual capacity, ANDREW WALTERS, in his official and individual capacity, and KENDRA ASBURY, in her official and individual capacity,<br>    Defendants. | Case No. 24-cv-50423<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS

NOW COMES the Plaintiff, JOHN DOE, by and through his attorneys, VECCHIO LAW OFFICES, and brings the following Motion to Proceed Under Pseudonyms, and in support thereof asserts as follows, that:

1. Plaintiff, JOHN DOE, is a current student at Hononegah Community High School ("HCHS") and former member of the HCHS football team.

2. Plaintiff John Doe, by and through his parent, reported transfer, residence, and eligibility matters involving a team member on the HCHS football team. After reporting this issue, Plaintiff faced a campaign of targeted harassment and retaliation after disqualification of the team member, forfeit of a game in which the team member played, and a probation sanction against the school by IHSA.

The harassment and retaliation involved threats of harm, violence, and intimidation by a number of football teammates. The coaches intentionally released JOHN DOE'S name to the team member which led to widespread hostility on the team, demotion and reduction in time at practice and during games, and belittlement by the coaches. HCHS administrators and officials failed to protect him.

3. JOHN DOE has brough suit against HCHS for failing to protect him from the campaign of harassment and retaliation and failure to investigate the claims involved in this case.

4. This case involves a well-publicized incident that resulted in the disqualification of a team member from a game, forfeit of a game, and a probation sanction against the school by IHSA. The HCHS football team is a high-profile team, ranked within the top 3 schools within the NIC-10 conference, and a playoff contender. There have been multiple news, radio, and TV clips regarding these issues.

5. The student upon whose behalf this suit has been made is an 18-year-old student at HCHS who has lost significant college opportunities and prospects because of the harassment and retaliation. As far as the complaint itself, the complaint has been fully anonymized for this student and the team member to protect the identity of all minors and students involved.

6. Plaintiff recognizes the substantial possibility of media requests and media inquiries if he were to proceed with his real name.

7. The legal standard governing the identities of parties in lawsuits is Fed. R. Civ. P. 10(a). Generally, a party in a lawsuit must use their real name to proceed in a

lawsuit. This rule was put in place to protect the public interest in the use of the legal system. *Doe v. City of Chicago,* 350 F.3d 667,669 (7th Cir. 2004).

8. However, the presumption may be rebutted if the parties involved allege that they fear retaliation or demonstrate other compelling reasons to file under a pseudonym, the test involves the risk of harm to the party filing under a pseudonym. *Id.*

9. The most typical use of pseudonyms involves the protection of rape victims. *Id.* However, other factors are considered, including the following: 1) ages of the parties, 2) whether the requested reasons for anonymity are intended to preserve privacy relating to a highly sensitive situation, 3) the harm or retaliation to parties and non-parties, 4) whether the suit is against a governmental or private entity, and 5) whether defendants would be disadvantaged by the anonymity of a plaintiff. *National Ass'n of Waterfront Employers v. Chao,* 587 F.Supp.2d 90, 100 (D.D.C 2008).

10. Here, Plaintiff is not a victim of assault; however, he is an individual who made a report to the school through his parents regarding the transfer, residence, and eligibility matters involving another team member, which led to sanctions against the team member, team, and school, and retaliation and harassment against him.

11. A fear of retaliation may be sufficient to receive anonymity. *Does I through XXIII v. Advanced Textile Corp.* 214 F.3d 1058, 1068 (9th Cir. 2000).

12. Plaintiff's parent's actions led to Plaintiff facing a significant campaign of targeted harassment, bullying, threats of violence, intimidation, and retaliation, which led to Plaintiff leaving the football team and walking through the school and parking

lot accompanied by people out of fear for his safety.

13. JOHN DOE fears even more retaliation because of the filing of this lawsuit while he remains at student at the school, because of the anticipated media attention on this matter and interconnected nature of online communications.

14. Considering the other factors, as to the first factor, Plaintiff is 18 years old and a Senior student at HCHS. Further, at the time the report was made to the school and some incidents occurred, Plaintiff and the other student were minors. This factor favor anonymity.

15. As to the second factor, allowing Plaintiff to proceed under the pseudonym JOHN DOE, rather than his initials, will preserve his identity because providing initials would allow for his name to be discovered far more easily due to the high-profile nature of the incident.

16. Media attention and even targeted harassment may escalate to an extreme point if his identity is revealed.

17. Plaintiff has not brought media attention to this case to protect his privacy, and the privacy of those individuals not named in the suit.

18. The identity of the parent who reported the misconduct would also be compromised and face significant media scrutiny.

19. Based on the above analysis, the third factor, relating to harms alleged to Plaintiff and non-parties, favors Plaintiff's request for anonymity.

20. This suit is brough against a public entity, and for this reason, the fourth factor favors disclosure; however, the public entity involved is a school with a goal to keep all student information confidential.

21. The final factor is whether a defendant would be disadvantaged in defending a lawsuit against an anonymous Plaintiff.

22. This factor favors Plaintiff, in that Defendants are aware of Plaintiff's identity and will not suffer prejudice in defending the suit even if Plaintiff, Plaintiff's parent, team member, and team member's family are kept anonymous.

23. Thus, Plaintiff respectfully requests that the Court grant the Motion to Proceed Under Pseudonyms.

Respectfully submitted,

JOHN DOE, Plaintiff.

By: _____
KELLY A. VECCHIO,
Attorney for Plaintiff.

Prepared by:
KELLY A. VECCHIO, #6276098
Vecchio Law Offices
One Court Place, Suite 101
Rockford, IL 61101
(815) 962-4019
kelly@vecchiolawoffices.com