IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Case No. 24-cv-50423 |
| ) | |
| HONONEGAH COMMUNITY HIGH ) | The Honorable Iain D. Johnston |
| SCHOOL DISTRICT #207, et. al., ) | Magistrate Judge Margaret J. Schneider |
| ) | |
| Defendants. ) | |

**<u>DEFENDANTS MOTION FOR PROTECTIVE ORDER</u>**

Defendants, Hononegah Community High School District #207, Chad Dougherty, Brian Zimmerman, Jeremy Warren, Andrew Walters, and Kendra Asbury, by their attorney, Julie A. Bruch and Lance A. Neyland of IFMK Law, Ltd., pursuant to Federal Rule of Civil Procedure 26(c)(1), move for a protective order prohibiting plaintiff's counsel from communicating with defendants on matters related to this litigation, and in support thereof state as follows:

Following defense counsel's entry of appearance, as set forth in detail in Defendants' Motion to Disqualify Plaintiff's Counsel and Law Firm, plaintiff's attorney Kelly A. Vecchio, emailed three of the individual defendants despite being on notice of their being represented by the undersigned attorneys. Copies of all relevant communications are attached to Defendants' Motion to Disqualify which is being filed under seal. Even after being notified by defense counsel Bruch that she did not consent to such communications, Ms. Vecchio again emailed a defendant on November 12, 2024 seeking

information related to plaintiff's claims. See exhibits to Defendants' Motion to Disqualify.

Rule 4.2 of the Illinois Supreme Court Rules of Professional Conduct, Communications with Persons Represented by Counsel, provides as follows: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Defendants submit that due to plaintiff's counsel's repeated violation of that rule, a protective order is warranted.

A court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" if there is good cause. Fed.R.Civ.P. 26(c)(1). Courts maintain broad discretion in determining whether and to what degree a protective order is appropriate. *Nieves v. OPA, Inc.*, 948 F.Supp.2d 887, 891 (N.D. Ill. 2013). The moving party must first demonstrate good cause before a court uses its discretion and enters a protective order. *See* Fed.R.Civ.P. 26(c). In *Sun v. Xu*, the court granted a protective order where plaintiffs' attorneys contacted represented parties *ex parte* about the subject matter of the lawsuit in violation of Rule 4.2. *Sun v. Xu*, 2021 WL 6144671, *3 (C.D. Ill. 2021); *see Swoope v. Gary Community School Corp.*, 2013 WL 6331101 (N.D. Ind. 2013) (finding that under similar rule violations, a protective order is warranted if counsel provided names and evidence of *ex parte* communication with school employees). The court found that any statements requested from the employees could potentially bind the University defendant under Fed. R. Evid. 801(d)(2)(D). *Id.*

2

Thus, the court disallowed plaintiffs' attorneys from contacting current employees without the opposing counsel's permission or a court order. *Id.*

Like *Sun v. Xu*, a protective order is warranted to stop Attorney Vecchio's *ex parte* communications with named defendants regarding the subject matter of the litigation in violation of ABA Model Rule 4.2. Similar to *Sun*, Attorney Vecchio's attempts to solicit statements from the contacted defendants and other Hononegah employees is prejudicial to defendants as any statements could potentially bind the parties under Fed. R. Evid. 801(d)(2). Even after an attempt to dissuade Ms. Vecchio's conduct, she continued to violate Rule 4.2 and email school officials regarding the subject matter of the litigation. Thus, Vecchio should be disallowed from contacting any current Hononegah employees and named defendants on any issues related to the subject matter of the litigation.

WHEREFORE, Defendants, respectfully request that this Court grant their motion for protective order in its entirety.

Respectfully submitted,

**HONONEGAH COMMUNITY HIGH SCHOOL DISTRICT #207, CHAD DOUGHERTY, BRIAN ZIMMERMAN, JEREMY WARREN, ANDREW WALTERS, KENDRA ASBURY**

By: *s/Julie A. Bruch*
Julie A. Bruch, #6215813
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:    708/621-5538
Email: jbruch@ifmklaw.com

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) Case No. 24-cv-50423 |
| | ) |
| HONONEGAH COMMUNITY HIGH | ) The Honorable Iain D. Johnston |
| SCHOOL DISTRICT #207, et. al., | ) Magistrate Judge Margaret J. Schneider |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, I electronically filed Defendants' Motion for Protective Order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered participant(s):

    Kelly A. Vecchio
    One Court Place, Suite 101
    Rockford, IL 61101
    kelly@vecchiolawoffices.com

    **HONONEGAH COMMUNITY HIGH SCHOOL DISTRICT #207, CHAD DOUGHERTY, BRIAN ZIMMERMAN, JEREMY WARREN, ANDREW WALTERS, KENDRA ASBURY**

    By:   *s/Julie A. Bruch*

Julie A. Bruch, #6215813
Lance A. Neyland #633171
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:   708/621-5538
Email: jbruch@ifmklaw.com