**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Ct. No. 24-cv-50423 |
| ) | |
| HONONEGAH COMMUNITY HIGH ) | Honorable Iain D. Johnston |
| SCHOOL DIST. #207, etc., et al, ) | Honorable Margaret J. Schneider |
| ) | |
| Defendants. ) | |

**Defendants Brian and Nicole Kelly's Motion to Dismiss
the First Amended Complaint and Memorandum of Law in Support**

Defendants, by their attorneys, Patterson Law Firm, LLC, for their Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Procedure Rule 12 (b)(1) and 12 (b)(6) and Memorandum of Law in Support, state as follows.

**I. Introduction**

There is a pending First Amended Complaint (the Complaint) (Doc. 22).[1] It alleges eleven claims.[2] Although it is difficult to discern a viable cause of action against any defendant, or Plaintiff's standing to bring any viable claim, it appears that six claims may be asserted against Defendants Brian and Nicole Kelly (called the Kelly Defendants): First Claim – First Amendment retaliation vs. all defendants; Seventh Claim – Residency Fraud vs. Brian Kelly and Nicole Kelly; Eighth Claim – Fraudulent Concealment vs. all defendants; Eighth Claim (repeated) – violations of Illinois School Code vs. all defendants; Ninth Claim – civil

---

[1] "Doc. __" refers to the court docket and corresponding document number.
[2] The subtitles of the Complaint refer to a "Tenth Claim." However, the "Eighth Claim" is repeated twice.

conspiracy vs. all defendants; and Tenth Claim – aiding and abetting vs. all defendants.

There is also a pending Motion to Dismiss filed by Hononegah Community High School District, Hononegah Community School Board, Chad Dougherty, Brian Zimmerman, Jeremy Warren, Andrew Walters, and Kendra Asbury (collectively called the School District Defendants). The School District Defendants were granted leave to file their Motion and Memorandum in Support in excess of Local Rule 7.1 page limits.

The School District Motion provides a through background and legal analysis. Other than slight adjustment for the minimal allegations particular to the Kelly Defendants, it is unnecessary to repeat the School District Defendants' submission. The Kelly Defendants adapt and incorporate by reference all aspects of the School District Defendants' Motion, Memorandum in Support, any anticipated Reply that overlap, and that all defendants have in common.

In combination, Plaintiff pleads his way out of court and the Complaint should be dismissed with prejudice.

## II. Nature of the Case Against the Kelly Defendants

The gravamen of the Complaint is that Plaintiff John Doe was a former member of the Hononegah High School football team (for consistency called HCHS by the School District). (Complaint, Doc 22, ¶1). Doe alleges that around November 2023, a "Transfer Student" moved from Wisconsin back to Illinois into temporary housing with his parents, the Kelly Defendants. (Complaint, Doc. 22 ¶¶19–21). Transfer Student became a starting team member for the HCHS varsity football team for the

2

2024-2025 season. (Complaint, Doc. 22 ¶18). With Transfer Student in a starting position, Doe was demoted to third string. (Complaint, Doc. 22 ¶45).

Doe alleges that Transfer Student was recruited to play for the HCHS football team by HCHS coaches and that Defendant Brian Kelly secured temporary housing in Illinois for sole purpose of his son attending HCHS and playing sports. (Complaint, Doc. 22 ¶21).

In September, 2024 Doe's parent sent a letter to HCHS staff regarding the supposed residency issue. (Complaint, Doc. 22 ¶29). HCHS corrected paperwork and submitted proper documentation to the governing body, the Illinois High School Association (the IHSA). The IHSA investigated, put the HCHS football team on probation, forfeited one game in which the Transfer Student played, and ruled the Transfer Student ineligible until the correct paperwork was submitted. (Complaint, Doc. 22 ¶32). The Transfer Student was deemed eligible and played in the next game on September 27, 2024. (Complaint, Doc. 22 ¶50).

On or about September 20, 2024, Doe's parent asserts that her residency letter began being circulated around the football team and the HCHS community. (Complaint, Doc. 22 ¶34). Although it is unclear, it appears that Doe's last game with the team was September 20. (Complaint, Doc. 22 ¶45).

"Thereafter, JOHN DOE received and suffered from severe and extreme bullying, threats, intimidation, and retaliation by the Transfer Student, other teammates, and HCHS coaches." (Complaint, Doc. 22 ¶39).

3

"Upon information and belief, the Transfer Student's parents submitted false or misleading Affidavit if [sic] Residence regarding their permanent residence to the school, which was accepted, adopted, and submitted by Defendants to IHSA, without investigation. Since that time, the Transfer Student played in every football contest in the starting position for the rest of the season." (Complaint, Doc. 22 ¶51).

It is alleged that as a result of the eligibility investigation and eligibility determination by Defendants, Doe lost the starting position on the team, received less practice time with the team, received minimal playing time at games, lost college prospects, and was otherwise damaged. (Complaint, Doc. 22 ¶170).

### III. The Parties

Plaintiff's counsel is Kelly Vecchio, Vecchio Law Offices, One Court Place, Suite 101, Rockford, Illinois. John Doe is her son. ((Complaint, Doc. 22, Exhibit 6). "By 4/4/2025, Plaintiff shall either file a second amended complaint that discloses his full name or seek dismissal of this action…" (Doc. 62).

Defendant Brian Kelly is being sued in his individual capacity for his actions involving fraud, fraudulent concealment, civil conspiracy, and breaches of contracts. Brian Kelly is the father of the 'Transfer Student" cited herein. (Complaint, Doc. 22 ¶15).

Defendant Nicole Kelly is being sued in her individual capacity for her actions involving fraud, fraudulent concealment, civil conspiracy, and breaches of contracts. Nicole Kelly is the mother of the "Transfer Student" cited herein. (Complaint, Doc. 22 ¶16).

4

**IV. Standard of Review**

A party may assert a lack of subject matter jurisdiction and failure to state a claim by motion. *Federal Rule of Civil Procedure*, Rules 12(b)(1) and 12(b)(6). The question of standing to bring a claim is reviewed *de novo*, as a matter of law. Jurisdiction must be established as a threshold matter, is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). The plaintiff bears the burden of establishing the required elements of standing. *Johnson v. United States OPM,* 783 F.3d 655, 661 (7th Cir. 2015).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint in that it fails to state a claim upon which relief may be granted. A district court's decision to grant a motion to dismiss is also reviewed *de novo*. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (internal citations omitted). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Determining whether a complaint states a claim upon which relief may be granted is dependent upon the context of the case and "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While all well-pled facts are taken as true and viewed in a light most favorable to the plaintiff, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Camasta* at page 736, citing *Iqbal*, 556 U.S. at 678.

A claim of fraud must be analyzed under the heightened pleading standard set forth in *Federal Rule of Civil Procedure* 9(b). *Camasta* at page 736.

Allegations based upon "information and belief" such as those at the core of the Complaint against the Kelly Defendants are not proper allegations to support the asserted theories. *Murphy v. Murphy*, 189 Ill. 360, 366 (1901) (an allegation of fraud upon information and belief cannot be sustained); *Whitley v. Frazier*, 21 Ill. 2d 292, 295 (1961) (an allegation made on information and belief is not equivalent to an allegation of relevant fact).

**V. Argument and Applicable Law**

   **A. Plaintiff's First Amendment Claim Does Not Exist Against Private Citizens**

Plaintiff's First Claim of First Amendment retaliation against all defendants is woefully inadequate. Plaintiff alleges constitutional violations redressable through 42 U.S.C. § 1983. (Complaint, Doc. 22, page 19). It is well settled that a complaint under § 1983 requires a state actor. The First and Fourteenth Amendments to the Constitution protect citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be. *Hallinan v. FOP,* 570 F.3d 811, 815 (7th Cir. 2009) citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 191 (1988).

Given Plaintiff's loose allegations of a conspiracy, neither can Plaintiff patch together a cause of action on the back of an agency theory either. The § 1983 statute does not incorporate the doctrine of *respondeat superior*. A state actor cannot be held liable for the constitutional torts of an employee or agent. *First Midwest Bank*

6

*v. City of Chicago,* 988 F.3d 978, 987 (7th Cir. 2021) citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-691 (1978).

Plaintiff alleges that the Kelly Defendants are being sued as private citizens. There is not any conceivable cause of action that Plaintiff can boot strap, let alone one that is "plausible" according to the standard of review. The First Claim should be dismissed with prejudice.

### B. There is Not a Private Right of Action for Residency Fraud and Plaintiff Lacks Standing to Assert Any of the Claims Presented

Plaintiff John Doe is not a proper party to assert any of the theories presented. His lack of standing is a fundamental defect running through the entire Complaint that cannot be overcome as a matter of law.[3]

A party's ability to sue has requirements similar to those establishing an underlying tort. "Standing is the first question because, unless the case presents a justiciable controversy, the judiciary must not address the merits. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). Standing has three components: injury, causation, and redressability." *Freedom from Religion Foundation, Inc. v. Obama,* 641 F.3d 803, 805 (7th Cir. 2011). No one is injured by a request that can be declined. *Id.* at 806.

> The injury suffered by the plaintiff "must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (internal quotation marks omitted). Neither psychological harm "produced by observation of conduct with which one disagrees" nor offense at the behavior of government and a desire to have public officials comply with one's view of the law constitutes a cognizable

---

[3] This Subsection V.B. is supplemental to Section IX of the School District Defendants' Memorandum in Support, Doc. 48, page 40-41 also establishing no private right of action available to Plaintiff.

7

> injury. *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 485, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982); see also *Freedom from Religion Found., Inc. v. Obama,* 641 F.3d 803, 807 (7th Cir. 2011) …"[A] plaintiff must demonstrate standing for each claim he seeks to press." [internal citations omitted].The fact that a plaintiff has suffered an injury that is traceable to one kind of conduct does not grant that plaintiff standing to challenge other, even related, conduct; "standing is not dispensed in gross."

*Johnson v. United States OPM,* 783 F.3d at 660 – 661 (7th Cir. 2015).

"No one has standing to object to a statute that imposes duties on strangers." *Freedom from Religion,* 641 F.3d at 805. "Hurt feelings differ from legal injury. The 'value interests of concerned bystanders' do not support standing to sue [internal citation omitted]." *Id.* at 807.

Plaintiff is a concerned bystander attempting to enforce someone else's residency requirements. That Plaintiff disagrees with the School District decision does not support any right to sue. Moreover, Plaintiff is a stranger to any alleged duty that may be imposed upon the Kelly Defendants. Plaintiff's alleged hurt feelings do not rise to the level of cognizable legal injury. All of Plaintiff's claims should be dismissed with prejudice.

### C. Plaintiff Can't Establish the Prima Facie Elements to Support any Underlying Contract or Tort and Pleads Himself out of Court

If Plaintiff can overcome the lack of standing hurdle, Plaintiff cannot get past the failure to state a claim on any of the alleged contract, fraud or conspiracy theories. Although a plaintiff does not have an obligation to anticipate or overcome affirmative defenses such as those based on a Rule 12(b)(6) motion, if a plaintiff alleges facts sufficient to establish a defense, the district court may dismiss the complaint on that ground. A plaintiff can plead himself out of court by including

8

factual allegations that establish that the party is not entitled to relief as a matter of law. *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir. 2015) citing *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009).

The elements of fraudulent concealment are: "(1) concealment of a material fact, (2) intent to induce a false belief where there exists a duty to speak, (3) that the other party could not have discovered the truth through reasonable inquiry and relied upon the silence as an indication that the concealed fact did not exist, (4) that the other party would have acted differently had it known of the concealed information, and (5) that its reliance resulted in its injury." *Vandenberg v. Brunswick Corp.*, 2017 IL App 1st 170181, ¶31. Accord, *Abazari v. Rosalind Franklin Univ. of Med. Sci.*, 2015 IL App 2d 140952.

In addition, the heightened pleading standard set forth in *Federal Rule of Civil Procedure* 9(b) applies to a claim of fraudulent concealment. *Squires-Cannon v. Forest Preserve District of Cook County*, 897 F.3d 797, 805 (7th Cir. 2018).

As the School District Defendants succinctly stated, dismissal of all the fraud claims and fraudulent concealment claims is appropriate, along with the conspiracy and aiding and abetting claims.[4] Not only has Plaintiff failed to plead facts that may plausibly support the elements of: (1) concealment of a material fact; (2) any

---

[4] As against the Kelly Defendants those are the Seventh Claim – Residency Fraud vs. Brian Kelly and Nicole Kelly; the Eighth Claim – Fraudulent Concealment vs. all defendants; the Eighth Claim (repeated) – violations of Illinois School Code vs. all defendants; the Ninth Claim – civil conspiracy vs. all defendants; and the Tenth Claim – aiding and abetting.

9

duty to speak to Plaintiff on the part of the Kelly Defendants; (3) reliance upon any silence that any concealed fact did not exist; (4) that Plaintiff would or could have acted differently; and (5) that any unknown reliance resulted in any injury that may be recoverable or redressed.

Again as the School District Defendants state, Plaintiff Doe pleads the opposite. Plaintiff Doe pleads himself out of court. There is not any duty of disclosure of anything from the Kelly Defendants to Plaintiff. No concealment could occur, as Plaintiff repeatedly alleges in the Complaint. Plaintiff knew and is the person who complained about the residency situation, and put Defendants on notice. Last, but not least, Plaintiff could not reasonably rely on non-existent concealment, nor could Plaintiff be damaged by non-existent concealment, nor has Plaintiff identified any action that he could or did do differently.

Reference to a contract between the Plaintiff and the Kelly Defendants appears to fall into the improper "shotgun pleading" category referenced by the School District Defendants. Illustrative of the Plaintiff's cavalier pleading style, little to no effort is made to connect the Kelly Defendants to an enforceable contract with Plaintiff.

To state a cause of action for breach of contract, the plaintiff must allege facts establishing that the parties exchanged an offer, an acceptance, and consideration. *Mulvey v. Carl Sandburg High Sch.,* 2016 IL App 1st 151615, ¶25, citing *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 489 (1987). In addition, only a party to a contract or those in privity with him may enforce the contract.

10

"The mere fact that a person was injured by a breach of contract or that he acted in reliance on it does not create a right to pursue a claim for breach of contract which he otherwise would not have had. (4 Corbin on Contracts § 779B (1951).) Any remedy a person may have in such a situation would lie in tort not contract." *Sabath v. Mansfield,* 60 Ill. App. 3d 1008, 1016 (1st Dist.1978).

As between Plaintiff and the Kelly Defendants, the necessary elements are missing. There isn't an offer, acceptance, consideration, or privity.

The Seventh Claim, the Eighth Claim, the Eighth Claim (repeated), the Ninth Claim, and the Tenth Claim should all be dismissed with prejudice.

### D. Plaintiff Does Not Have any Right to be Protected or Any Claim to Support the Derivative Actions Necessary for Conspiracy

To state a cause of action for civil conspiracy, a plaintiff must allege an agreement, a tortious act committed in furtherance of the agreement, along with an injury caused by the defendant. Mere knowledge of an alleged fraudulent or illegal actions of another is insufficient. *Benton v. Little League Baseball, Inc.*, 2020 IL App (1st) 190549, ¶91. Conclusory allegations that the defendants agreed to achieve some illicit purpose and the mere characterization of a combination of acts as a conspiracy are insufficient to withstand a motion to dismiss. *Buckner v. Atlantic Plant Maintenance, Inc.,* 182 Ill. 2d 12, 23 (1998).

Conspiracy is not an independent tort. The conspiracy claim fails if the independent cause of action underlying the conspiracy allegation fails. *Coghlan v. Beck,* 2013 IL App (1st) 120891, ¶59.

11

In Illinois, there is not any right to play high school sports. The right to go to a public school and receive education and training cannot properly be said to include playing football. In the instant case, "a determination of the [eligibility] … to play … was made by those in whom the constitution, bylaws, and rules of the Illinois High School Association vested the power and duty to make that determination. In the absence of any evidence of fraud or collusion, or that the defendants acted unreasonably, arbitrarily, or capriciously, the Athletic Association must be, under the authorities cited, permitted to enforce its rules and orders without interference by the courts." *Robinson v. Illinois High School Assoc.*, 45 Ill. App. 2d 277, 285-286 (2nd Dist. 1963).

In addition to Plaintiff not having any enforceable right, it follows that Plaintiff cannot have any damage. Other than speculation, Plaintiff doesn't identify a single dollar amount to potentially recover. Illinois requires damages to be capable of calculation with reasonable certainty, cannot be based upon conjecture, or speculation, and any alleged breach must be traceable to specific damages. *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 118 Ill. 2d 306, 315-316 (1987).

In this case, Plaintiff is several steps removed from being able to establish the elements of a required underlying tort (or contract) as a matter of law. Plaintiff does not have standing to sue. There is not an independent, underlying tort or contract properly alleged, or capable of being alleged. There is not any duty or actionable nexus that can be established between the Kelly Defendants' decisions about where to live, the School District Defendants' independent determination about eligibility,

12

and Plaintiff quitting the football team. There is not any underlying right to sue on any theory. Fraud or fraudulent conduct is not and cannot be properly alleged. In reality, Plaintiff pleads himself out of court and being able to establish those theories. Finally, in the unlikely event Plaintiff could overcome those hurdles, Plaintiff cannot identify proper damages connected to a phantom breach, and non-existent rights.

> We are aware of the distress and frustration which must have been visited upon the plaintiffs and their parents, and even upon the other students at Springfield High School, when the actions of others beyond their control caused them to be disqualified. However, this is not a sufficient basis for judicial intervention. Courts are not to be regarded as a sanctuary from all the problems and vicissitudes of modern life. They are ill-equipped, intellectually and otherwise, to override and second-guess the decisions of administrators who live and work with their particular areas on a daily basis. Courts must approach hardships of the type seen in the instant case with great caution and with a decent respect for the integrity of the organization with which they are dealing.

*Proulx v. Illinois High School Assoc.*, 125 Ill. App. 3d 781, 788 (4th Dist. 1984).

### E. Conclusion

As the Seventh Circuit said following long standing guidance from the U.S. Supreme Court, "Neither psychological harm 'produced by observation of conduct with which one disagrees' nor offense at the behavior of government and a desire to have public officials comply with one's view of the law constitutes a cognizable injury.'" *Johnson,* 783 F.3d at 660 – 661 (7th Cir. 2015). No one is injured by a request that can be declined. *Freedom from Religion Foundation, Inc.,* 641 F.3d at 806 (7th Cir. 2011).

The Kelly Defendants followed the procedures established by the School District Defendants. The School District Defendants (and the IHSA) performed a thorough

13

investigation and made proper decisions following established procedures. Plaintiff is not injured as a matter of law simply because the School District Defendants declined Plaintiff's view of the situation. That Plaintiff disagrees with those decisions is not a sufficient basis for judicial intervention.

WHEREFORE, Brian and Nicole Kelly pray that the First Amended Complaint be dismissed with prejudice, that they are awarded any fees, costs, or expenses to which they may be entitled, and for such other or different relief as the Court deems appropriate under the circumstances.

Date: March 28, 2025

>Respectfully submitted,
>Defendants Brian and Nicole Kelly,
>
>By: /s/ *Steve C. Silvey*
>Their Attorney

Steve C. Silvey
Patterson Law Firm, LLC
200 West Monroe Street, Suite 2025
Chicago, IL 60606
(312) 558-9598
ssilvey@pattersonlawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 28, 2025, he caused DEFENDANTS BRIAN AND NICOLE KELLY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT to be electronically filed with the Clerk of the Court for the Northern District of Illinois using the Court's CM/ECF system which will send notification of such filing to the following registered participant(s) with a copy served by e-mail to:

Kelly A. Vecchio
One Court Place, Suite 101
Rockford, IL 61101
kelly@vecchiolawoffices.com
Phone: 815-962-4019

Julie A. Bruch
Lance A. Neyland
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847-291-0200
Fax:    708-621-5538
Email: jbruch@ifmklaw.com


By:   /s/ *Steve C. Silvey*
    Attorney for Defendants,
    Brian and Nicole Kelly