**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| THOMAS CASTELLI, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-50423 |
| | ) | |
| HONONEGAH COMMUNITY HIGH | ) | The Honorable Iain D. Johnston |
| SCHOOL DISTRICT #207, et. al., | ) | Magistrate Judge Margaret J. Schneider |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S
<u>COUNSEL AND HER LAW FIRM</u>**

Defendants, Hononegah Community High School District #207, Chad Dougherty, Brian Zimmerman, Jeremy Warren, Andrew Walters, and Kendra Asbury, by their attorneys, Julie A. Bruch and Lance A. Neyland of IFMK Law, Ltd., move this Court to disqualify Kelly A. Vecchio and her law firm Vecchio Law Offices, and in support thereof state as follows:

**BACKGROUND**

Plaintiff is a student at Hononegah Community High School (Hononegah) and formerly was a member of the football team. Doc. 1 ¶ 1. Defendants include various coaches and administrators at Hononegah. Doc. 1 ¶¶8-12.  On October 18, 2024, plaintiff filed a complaint identifying himself as "John Doe." Doc. 1. Plaintiff alleges that he "has been a member of this successful football team and a model HCHS student, until his parent reported recruitment, residence, and eligibility issues involving another member

of the team. Doc. 1 ¶1 That parent is plaintiff's mother, Kelly A. Vecchio, who is serving as his attorney in this lawsuit.

The entire complaint is replete with allegations detailing actions taken by Ms. Vecchio that cause her to be a more crucial witness in this case than even her son. Specifically, Ms. Vecchio alleges that prior to the start of the season she overheard a conversation where a team member's father discussed the reason for his son's transfer of schools. Doc. 1 ¶18. On September 18, 2024, Ms. Vecchio wrote to Athletic Director Andrew Walters regarding this player's residency, eligibility, and participation on the football team. Doc. 1 ¶24.

On September 22, 2024 Ms. Vecchio allegedly received an email and text message from this player's mother requesting a copy of the letter that Ms. Vecchio sent to the school. Doc. 1 ¶30. On September 18, 2024, Ms. Vecchio sent the school a FOIA request/letter and alleges that she received a response on September 23, 2024 denying her request. Doc. 1 ¶¶31-32. On September 25, 2024, Ms. Vecchio sent a second letter to District officials alleging bullying and retaliation against her son. Doc. 1 ¶35.

Ms. Vecchio further alleges that she notified the District of various incidents of alleged bullying, harassment, intimidation, and threats of harm against her son. Doc. 1 ¶40. Ms. Vecchio alleges that on September 26, 2024, she received an emailed from Principal Chad Dougherty regarding the initiation of a bullying investigation. Doc. 1 ¶41. That same day, Ms. Vecchio sent a third letter to the District with additional complaints which she claims was ignored. Doc. 1 ¶42.  On September 27, 2024, Ms.

Vecchio sent a fourth letter to District officials with additional information of what she claims was bullying, retaliation, threats, and other investigations. Doc. 1 ¶43.

Ms. Vecchio alleges that the football coach's wife took pictures of her and her family at a restaurant and she notified the school of this incident on September 30, 2024. Doc. 1 ¶47. On October 2, 2024, Ms. Vecchio sent a fifth letter to the District and the IHSA Executive Director with alleged "evidence" that she gathered which she contends demonstrates possible violations of the Illinois School Code by another player's family. Doc. 1 ¶48. While the attachments to the letter were not attached to the complaint, even a cursory review of Ms. Vecchio's letter details unprecedented, extensive efforts that she undertook to get this player removed from the team in hopes that her son would get the starting quarterback job. Doc. 1-11. That same day, Principal Dougherty emailed Ms. Vecchio regarding his investigation into bullying. Doc. 1 ¶49. Ms. Vecchio has since complained that the District has refused to communicate with her about the other player's residency and eligibility. Doc. 1 ¶50.

On October 7, 2024, Ms. Vecchio "sent yet another letter to the school with a request for a formal investigation into the allegations of recruitment of students and retaliation against JOHN DOE by the HCHS coaches." Doc. 1 ¶51. Ms. Vecchio alleges that the District has not responded to this letter. Doc. 1 ¶53. In the First Claim of this lawsuit, Ms. Vecchio alleges that <u>she, not her son,</u> engaged in protected speech under the First Amendment. Doc. 1 ¶64. The Second Claim is based on plaintiff <u>and Ms. Vecchio's</u> alleged acceptance of certain forms which plaintiff contends create a contract or implied contract. Doc. 1 ¶¶73, 75-79. Plaintiff's Third Claim is that the individual defendants

3

allegedly failed to properly investigate "credible evidence" of the teammates alleged residency and eligibility issues by <u>Ms. Vecchio</u>. Doc. 1 ¶96. The Fourth Claim alleges that <u>Ms. Vecchio</u> "did not believe Defendants would keep JOHN DOE's name private during their interviews of certain students" and therefor refused to release the names of students to the District. Doc. 1 ¶106. In the Fifth Claim, <u>Ms. Vecchio</u> alleges that certain defendants ignored <u>her</u> allegations of harassment and bullying. Doc. 1 ¶118.

Defendants' attorneys entered their appearance in this case on October 31, 2024 at 10:06 a.m. Ex. 1 Notice of Electronic Filing. Later that <u>same</u> day, Ms. Vecchio continued to try and gather evidence from defendants in this case, knowing that those defendants were represented by counsel. Specifically, on October 31, 2024 at 1:26 p.m. she emailed defense counsel's clients Principal Dougherty, Athletic Director Walters, and HR Director Asbury, asking "Will you please tell me how, when, and by whom the football team was addressed, as referenced in your email?" Ex. 2 Vecchio October 31, 2024 email. After learning of this communication, defense attorney Bruch notified Ms. Vecchio that such communication violated Rule 4.2 of the Illinois Supreme Court Rules of Professional Conduct.[1] Ex. 3 Bruch October 31, 2024 email. Bruch wrote, in relevant part, that "You are certainly able to continue reaching out to the District regarding matters that are separate and distinct from those that are raised in your lawsuit. However, if your questions or concerns are in any way related to the matters which are

---

[1] Rule 4.2, Communications with Persons Represented by Counsel, provides as follows: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so my law or a court order."

4

the subject of your lawsuit, such communications must be addressed to my office." See Ex. 3.

Ms. Vecchio never acknowledged or responded to this email. Instead, on November 12, 2024, she again violated Rule 4.2 by continuing to press the District for a response to her email from October 31, 2024 after defense counsel explicitly instructed her not to communicate with defendants regarding the facts of the case. Ex. 4, Vecchio November 12, 2024 email. For all these reasons, defendants submit that Ms. Vecchio and her law firm must be disqualified from representing the plaintiff in this case.

## ARGUMENT

While the Seventh Circuit views attorney disqualification as a "drastic measure," there are situations where disqualification is "both legitimate and necessary." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721-22 (7th Cir. 1982). This case more than meets that criteria. Disqualification of Ms. Vecchio and her law firm is necessary to restore integrity and to ensure fairness and justice, avoiding prejudice to defendants. The ABA Model Rule of Professional Conduct 3.7(a) guide this Court's analysis of this motion, which is adopted through Local Rule 83.50. Rule 3.7(a), Lawyer as a Witness, provides as follows:

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
   (1) the testimony relates to an uncontested issue;
   (2) the testimony relates to the nature and value of legal services rendered in the case; or
   (3) disqualification of the lawyer would work substantial hardship on the client."

Courts typically use a two-step analysis to determine whether disqualification is proper. A court must initially determine whether the attorney is "likely to be a necessary witness." *In re Gilbrick*, 562 B.R. 183, 187-88 (N.D. Ill. 2017). Then, a court will decide whether the attorney's disqualification would "work a substantial hardship on" the client. *Id.* at 188. "The question of disqualification rests with the court's broad discretion." *Id.*

## I.   Ms. Vecchio is without question a necessary witness.

The Seventh Circuit has stated that an attorney's testimony is likely to be necessary when it is "foreseeable" that she will testify. *Bank of America v. Saville,* 416 F.2d 265, 272 (7th Cir. 1969). There can be no doubt that Ms. Vecchio is a crucial witness in this case on numerous contested issues. Virtually all communications regarding the matters identified in the complaint were initiated by Ms. Vecchio. As reflected in the allegations set forth in the complaint, her testimony is essential to plaintiff's case and she is one of, if not the, most crucial fact witness in the case. Indeed, the First Claim of the lawsuit purports to allege a violation of Ms. Vecchio's First Amendment rights. Therefore, the first element of this analysis has been satisfied.

## II. Ms. Vecchio and her firm's disqualification would not work a substantial hardship on plaintiff.

The second element is also satisfied because disqualification of Ms. Vecchio and her firm would not work a substantial hardship on plaintiff. Defendants have brought this matter to the Court's attention at the earliest possible opportunity. The parties are not yet at issue and no discovery has been taken yet. The most analogous case under these

circumstances is *Dunn v. Miceli*, No. 14-cv-03068-MSK-NYW, 2015 WL 1868134 (D. Co. Apr. 22, 2015). In *Dunn*, the court disqualified the plaintiff's father from also serving as her attorney. *Id.* at *5. Like Illinois, Colorado also has the same version of Rule 3.7(a). In making this ruling, the court cited a number of rationales for preventing a lawyer from acting as both an advocate and a necessary witness. Those same considerations exist here. Specifically, the court noted that:

> "Combining the roles can (1) place the attorney in the unseemly and ineffective position of arguing his or her own credibility; and (2) prejudice the opposing party by confusing the factfinder as to whether a statement by the advocate-witness should be heard as proof or as an analysis of the proof. Most of all, 'a lawyer who intermingles the functions of advocate and witness diminishes his effectiveness in both cases.'"
> *Id.* at *7 (internal citations omitted).

Here, as in *Dunn*, Ms. Vecchio participated in the majority of the incidents described in the complaint. Further, as in *Dunn*, this Court should disqualify Ms. Vecchio from pretrial proceedings as well as trial. *Id.* While numerous courts are reluctant to disqualify an attorney from the onset of litigation and find that motions of this nature are premature, the facts of this case are so distinguishable that disqualification from the outset is appropriate.

Citing *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F.Supp. 1297, 1303 (D. Col. 1994), the *Dunn* court noted that disqualification from pretrial matters may be appropriate where that activity "includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role." That is exactly what is occurring here. Even as of this week, Ms. Vecchio continues to contact defendants

directly to press her continuing "investigation" despite full knowledge that such communications relate to the subject matter of the lawsuit, thereby violating Rule 4.2. Ms. Vecchio clearly intends to present evidence of her evidence gathering through communications with defendants both pre- and post-lawsuit as evidence to attempt to support her son's claims.

In disqualifying the plaintiff's father from representing his daughter from the onset of the case, the *Dunn* court noted that his "effectiveness as Plaintiff's advocate is irreparably diminished as a result of his personal investment in the resolution of this lawsuit, as evidenced not merely by the parent-child relationship but through his role in procuring effective treatment for Plaintiff over the past four years." *Dunn*, 2015 WL 1868134 at *7. Here, it is evident from all of the exhibits attached to the complaint that Ms. Vecchio has a personal investment in this lawsuit and played, - and continue to attempt to play - a significant role in the handling of her son's alleged disputes with defendants. Doc. 1.

Notably, in *Dunn*, the court disqualified the plaintiff's father even though the plaintiff claimed to be unable to retain alternative counsel due to her overwhelmingly poor health due to mental illness. Here, no such concerns exist and plaintiff has plenty of time to secure alternate counsel.

Yet another reason for early disqualification was present in *World Youth Day*. There, the court noted that,

> "[r]ealistically, the testimony from oral depositions in this case cannot easily be taken and read into evidence without revealing [the attorney's] identity as the deposing attorney. Indeed [the attorney] himself probably will be

8

deposed. Moreover, it is naïve to believe that depositions are divorced from trial advocacy. Depositions are routinely utilized at trial for impeachment, and to present testimony in lieu of live testimony when the witness is unavailable. The skill of deposing counsel on direct and cross-examination is necessarily woven into the fabric of the trial itself. Videotaped depositions present an even greater concern. Unlike oral depositions, if these depositions are used at trial in video format, [the attorney's] impermissible dual role as advocate and witness will be even more apparent to the jury. I conclude [plaintiff] could suffer prejudice and the trial tainted by jury confusion if [the attorney] is allowed to take or defend depositions in this case."
866 F.Supp. at 1304.

Here, like in *World Youth Day*, defendants will take videotaped depositions of the plaintiff and Ms. Vecchio. These videos would be used at trial for purposes of impeachment. It would be nearly impossible to hide from the jury the fact that Ms. Vecchio served as the attorney of record during those depositions.

Additional reasons supporting disqualification were addressed in *Jones v. City of Chicago*, 610 F.Supp. 350, 357 (N.D. Ill. 1984). There, the court noted that Rule 3.7(a) "promotes several important considerations." *Id.* Those include the fact that (1) an attorney-witness may not be a fully objective witness; (2) an attorney-witness may be perceived by jurors as distorting the truth for the sake of her client; (3) jurors may confuse the roles of the attorney as witness and attorney as advocate; (4) the opponents may be unfairly disadvantaged if jurors grant undue weight to the attorney's testimony; and (5) an attorney-witness will be in a position to vouch for her own credibility in summing up to the jury which is unfair to the opponent. *Id.* In its analysis, the court noted that the client's judgment was not controlling, because the client "will almost always be reluctant to forego the assistance of familiar counsel or to incur the expense and inconvenience of retaining another lawyer." *Id.* at 361.

Given the unprecedented efforts taken by Ms. Vecchio presumably to tarnish the family of her son's teammate to benefit her son's standing on the team, Ms. Vecchio's objectivity must be questioned. Further, since the complaint is silent as to whether her son supported or encouraged Ms. Vecchio's efforts, it is certainly possible that the plaintiff is in conflict with Ms. Vecchio and did not want her to engage in the actions that she took and continues to take. With Ms. Vecchio as his attorney, it would be impossible to determine whether or not plaintiff and Ms. Vecchio's interests are truly aligned.

Further, as in *Jones*, the same reasons which support disqualification of Ms. Vecchio also support disqualification of her entire firm. In looking at the firm website, it appears that all of the attorneys in her firm are close family members of plaintiff and Ms. Vecchio. https://vecchiolaw.com/ Such family members would need to indelicately argue Ms. Vecchio's credibility which is still impaired because defendants can argue that Ms. Vecchio and her firm still maintain a stake in the litigation. *Jones*, 610 F.Supp. at 359. This is not a situation where plaintiff is represented by a large law firm with attorneys who are completely unrelated to one another. Therefore, the same concerns would exist if plaintiff was represented by his other family members who belong to the same law firm.

WHEREFORE, for all these reasons, defendants respectfully request that this Court disqualify plaintiff's counsel and her law firm from representing plaintiff in all aspects of this litigation.

Respectfully submitted,

**HONONEGAH COMMUNITY HIGH
SCHOOL DISTRICT #207, CHAD
DOUGHERTY, BRIAN ZIMMERMAN,
JEREMY WARREN, ANDREW WALTERS,
KENDRA ASBURY**

By:     *s/Julie A. Bruch*
Julie A. Bruch, #6215813
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:    708/621-5538
Email: jbruch@ifmklaw.com

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| THOMAS CASTELLI, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) Case No. 24-cv-50423 |
| | ) |
| HONONEGAH COMMUNITY HIGH | ) The Honorable Iain D. Johnston |
| SCHOOL DISTRICT #207, et. al., | ) Magistrate Judge Margaret J. Schneider |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I electronically filed Defendants' Motion to Disqualify with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered participant(s):

Kelly A. Vecchio
kelly@vecchiolawoffices.com

Steve C. Silvey
ssilvey@pattersonlawfirm.com

**HONONEGAH COMMUNITY HIGH
SCHOOL DISTRICT #207, CHAD
DOUGHERTY, BRIAN ZIMMERMAN,
JEREMY WARREN, ANDREW WALTERS,
KENDRA ASBURY**

By:     *s/Julie A. Bruch* _____

Julie A. Bruch, #6215813
Lance A. Neyland #633171
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Email: jbruch@ifmklaw.com

**Julie Bruch**

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Thursday, October 31, 2024 10:06 AM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 3:24-cv-50423 Doe v. Hononegah Community High School District # 207 et al attorney appearance |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.1)

## Notice of Electronic Filing

The following transaction was entered by Bruch, Julie on 10/31/2024 at 10:06 AM CDT and filed on 10/31/2024

| | |
|---|---|
| **Case Name:** | Doe v. Hononegah Community High School District #207 et al |
| **Case Number:** | 3:24-cv-50423 |
| **Filer:** | Hononegah Community High School District #207 |
| | Chad Dougherty |
| | Brian Zimmerman |
| | Jeremy Warren |
| | Andrew Walters |
| | Kendra Asbury |

**Document Number:** 7

**Docket Text:**
**ATTORNEY Appearance for Defendants Hononegah Community High School District #207, Chad Dougherty, Brian Zimmerman, Jeremy Warren, Andrew Walters, Kendra Asbury by Julie Ann Hofherr Bruch (Bruch, Julie)**

**3:24-cv-50423 Notice has been electronically mailed to:**

Julie Ann Hofherr Bruch    jbruch@ifmklaw.com, docket@ifmklaw.com

Kelly Ann Vecchio    kellyvecchio@aol.com

**3:24-cv-50423 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Exhibit 1**

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=10/31/2024] [FileNumber=28481893
-0] [67d09243c2cc47670ce4bb3fa673df68a8dcb5900080e6a3c4f30199d6ac5c5d7
6b22b2162c30b9daa310db011d11c31eacaad9ec41c2e09c44e6f309f32c4a5]]

## Julie Bruch

**Subject:** FW: Bullying, S█████ C█████

--------- Forwarded message ---------
From: **Kelly Vecchio** <kelly@vecchiolawoffices.com>
Date: Thu, Oct 31, 2024 at 1:26 PM
Subject: Re: Bullying, S█████ E█
To: Chad Dougherty <cdough@hononegah.org>
Cc: awalters@hononegah.org <awalters@hononegah.org>, Kendra Asbury <kasbur@hononegah.org>

Received, thank you.

Will you please tell me how, when, and by whom the football team was addressed, as referenced in your email?

Sincerely,

Kelly A. Vecchio
Vecchio Law Offices
One Court Place, Suite 101
Rockford, IL 61101
(815) 962-4019
kelly@vecchiolawoffices.com

**From:** Chad Dougherty <cdough@hononegah.org>
**Sent:** Thursday, October 31, 2024 1:00 PM
**To:** Kelly Vecchio <kelly@vecchiolawoffices.com>
**Cc:** awalters@hononegah.org <awalters@hononegah.org>; Kendra Asbury <kasbur@hononegah.org>
**Subject:** Re: Bullying, S█████ C█████

Ms. Vecchio,

This is a follow-up to your 10/21/24 report of comments made to S█████ after school on 10/18/24. After receiving your complaint without details about the time or location and your limitation on our ability to speak with S█████ outside of your presence, we initiated a film analysis to determine the time and location of the incident. Once identified, a thorough bullying investigation followed. The administration interviewed five student witnesses. The interviews revealed that an inappropriate comment was made by the other student toward S█████, which you reported as, "Yo, f**k your brother, n****r." Upon finding that a comment along these lines was made, appropriate disciplinary measures were taken with the student, consistent with our Student Code of Conduct. The investigation revealed no evidence of previous or ongoing behaviors from the individual directed toward your children. While it is a violation of the conduct code, this comment alone does not meet the "...severe or pervasive physical or verbal act or conduct..." standard defined in Policy 7:180 (see attached). Having not been permitted to speak with S█████ or T█████, I can not speak to the impact this comment had on them directly. However, they both have perfect attendance this school year, and their current grades align with their typical performance from previous semesters. Please let me know if there is additional information about this incident from your children that you have not shared with us. As I previously shared with you,

1

**Exhibit 2**

**Julie Bruch**

| | |
|---|---|
| **From:** | Julie Bruch |
| **Sent:** | Thursday, October 31, 2024 4:03 PM |
| **To:** | kellyvecchio@aol.com; kelly@vecchiolawoffices.com |
| **Cc:** | Lance Neyland |
| **Subject:** | Doe v. Hononegah Community High School District 207 |

Dear Ms. Vecchio,

This morning my assistant Kathy emailed you our waivers of service on behalf of all of the defendants in the John Doe lawsuit. You clearly received the emails since you immediately filed the waivers. We then filed our appearances for all defendants at 10:07 a.m.

I have now learned that 1:26 p.m. you sent an email to Principal Dougherty, Athletic Director Walters, and H.R. Director Asbury using your law firm email to engage in authorized communications with my clients related to facts and circumstances that are directly at issue in this litigation.

As you are no doubt aware, Rule 4.2 of the Illinois Supreme Court Rules of Professional Conduct provides as follows:

RULE 4.2: COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

I want to be very clear that I have not consented to you communicating directly with any of my clients regarding any subjects related to the lawsuit that you have filed. I also am not aware of any law or court order that allows you to contact them directly concerning the matters at issue in this lawsuit.

You are certainly able to continue reaching out to the District regarding matters that are separate and distinct from those that are raised in your lawsuit. However, if your questions or concerns are in any way related to the matters which are the subject of your lawsuit, such communications must be addressed to my office.

*Effective 4/3/23, OKGC Law, LLC will be IFMK Law, Ltd. My new email address is jbruch@ifmklaw.com.*
*Emails sent to my old email will continue to reach me for an indefinite period of time.*



IFMK Law, Ltd. | 650 Dundee Road | Suite 475, Northbrook, IL 60062
Office: 224-406-8406 | Fax: 708-621-5538| Cell: 847-612-2481

**Exhibit 3**

https://www.ifmklaw.com/

Click Here to securely send me documents.

*This email and/or any attachments may contain information that is confidential and/or protected by the attorney-client or other privilege. If you believe that it has been sent to you in error, please notify the sender and delete/destroy it and any attachments (electronic and hard copies). Thank you.*

**Julie Bruch**

| | |
|---|---|
| **From:** | Kelly Vecchio <kelly@vecchiolawoffices.com> |
| **Sent:** | Tuesday, November 12, 2024 12:37 PM |
| **To:** | Kendra Asbury; Julie Bruch |
| **Subject:** | Re: 10-4-24 Incident Response |

Good afternoon,

Your letter of investigation regarding a comment made by Coach Zimmerman was one incident of several reports of retaliation by HCHS coaches. In my letter dated October 7, 2024 sent to Attorney Lueking, I referenced four (4) other letters sent to the school on the issue of retaliation. Those letters were dated September 25, 2024, September 26, 2024, September 30, 2024, and October 2, 2024.

On October 31, 2024, I sent a response email to you, Mr. Dougherty, and Mr. Walters to inquire into how, when, and by whom the team was addressed to prevent harassment and retaliation. I did not receive a response. Will you please provide me with this information and what was said by Mr. Walters?

From the lack of response on the other incidents of retaliation, I will assume that they were not investigated.

Sincerely,

Kelly A. Vecchio
Vecchio Law Offices
One Court Place, Suite 101
Rockford, IL 61101
(815) 962-4019
kelly@vecchiolawoffices.com

---

**From:** Kendra Asbury <kasbur@hononegah.org>
**Sent:** Monday, November 11, 2024 11:32 AM
**To:** Kelly Vecchio <kelly@vecchiolawoffices.com>; Julie Bruch <jbruch@ifmklaw.com>
**Subject:** 10-4-24 Incident Response

Hi Kelly,
  Please see the District's response to the incident you reported from the football game on October 4, 2024.
Thank you,
Dr. Kendra Asbury
Director of Human Resources
Hononegah Community High School District #207
307 Salem Street, Rockton, Illinois 61072
815-624-5014 (phone)
815-624-5029 (fax)
Click here to apply and join our team!



1

**Exhibit 4**

**Please visit www.verifent.com**
**Use organization code: 26A30B**

CONFIDENTIALITY NOTICE

This electronic mail transmission, including any attachments, contains information that is confidential, privileged and may constitute non-public information. This message is intended to be conveyed only to the designated recipient(s). If you are not the intended recipient of this message, do not read it.
Please immediately notify the sender that you have received this message in error and delete this message. The unauthorized use, disclosure, dissemination, distribution or reproduction of this message or the information contained in this message or the taking of any action in reliance on it is strictly prohibited and may be unlawful.