**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

| | | |
|---|---|---|
| THOMAS CASTELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Ct. No. 24 -cv 50423 |
| | ) | |
| HONONEGAH COMMUNITY HIGH | ) | Honorable Iain D. Johnston |
| SCHOOL DIST. #207, etc., et al, | ) | Honorable Margaret J. Schneider |
| | ) | |
| Defendants. | ) | |

**Defendants Brian and Nicole Kelly's Motion for Sanctions
and Memorandum of Law In Support**

Defendants Brian and Nicole Kelly, by their attorneys, Patterson Law Firm, LLC, for their Motion for Sanctions pursuant to Federal Rule of Civil Procedure Rule 11, 28 U.S.C. § 1927, and Memorandum of Law in Support, request this Honorable Court to dismiss the matter with prejudice, with *res judicata* affect, and payment of all attorney fees required as a result of the improper pleadings and litigation. In support, the Kelly Defendants state as follows.

## I. Introduction and Procedural Posture Supporting Sanctions

Months after suggesting that Plaintiff's litigation was ill-advised, should be withdrawn, after motions requesting dismissal with prejudice were briefed and pending, an order issued as follows (in part):

> "The Court currently has over 400 open matters … Each case is important … As a case about the starting lineup for a high school football team based on disputes of residency, however, this case has uniquely strained the Court's resources and its patience alike. The Court asks all counsel and all the Parties to pause, take a deep breath, and step back from this case for a moment to consider the big picture. What, if anything, is this case all about? When the Parties have a clear answer, they're ordered to contact Judge Schneider to schedule a settlement conference. This action will be stayed pending the resolution of that settlement conference."[Doc. #80, text order].

The Court gave clear directions to consider that a case about the roster for a high school football team was exaggerated into a federal case, questioning why it should be in court, or why it should stay in any court. Defendants agreed that the conflict did not belong in any court, let alone federal court.

The Court directed objective analysis of the fundamental duty of any participant before any litigation started. Would this case be filed anywhere if Mr. Castelli did not have immediate family members with a law license? An answer to that question is found in the judicial admission that attempts at engaging or communicating with at least thirteen other attorneys failed to find anyone else willing or interested in taking the case. "None of the attorneys accepted the case or quoted a retainer fee. Thereafter, I filed the lawsuit on behalf of Plaintiff." That is not the only sign missed suggesting a lack of perspective. [Doc. # 76-1, Page ID 1443-1444, Vecchio Affidavit in Response to Motion to Disqualify].[1] The Kelly Family and the School District Defendants do not have a similar luxury of free lawyer services from family members to defend themselves from vexatious litigation that does not belong in any court.

Another alarming aspect of Plaintiff's campaign is that counsel is not a member of the trial bar. LR 83.12 prohibits members of the general bar from being lead counsel at trial or testimonial proceedings. With the admission that no other

---

[1] After publicly outing the Defendants but attempting to hide other identities and relationships, the same Affidavit finally admitted that the litigation is a family affair, that Plaintiff "John Doe" is counsel's son Thomas Castelli, that counsel is a partner in the firm with her sister and her father – a retired judge. [Doc. # 76-1, Page ID 1440-1441, ¶¶ 3-5]. "Doc." _ refers to the court docket, corresponding document and docket page number.

attorney could be found to file the case, and no other member of the trial bar took the case or has filed an appearance yet, how did Plaintiff ever plan to present evidence at a testimonial hearing or trial to support any of the allegations raised?

Although disappointing but not surprising, the settlement conference was unsuccessful. The next order revealed that:

> The stay previously entered in this case [80] is lifted. As Plaintiff has indicated in his responses to Defendants' motions to dismiss [77], [78] an interest in filing a motion for leave to file an amended complaint, Plaintiff is directed to file a status report by 07/11/25 advising if he is still seeking to file such a motion and, if so, proposing a timeframe to file such a motion [Doc.#86, text order].

Ignoring the distinction between persistence and bad faith, there is nothing to amend when, as here, defects were fatal from the beginning, cannot be cured by amendment and would be futile. (No amendment when there is bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile, *Johnson v. Cypress Hill*, 641 F.3d 867, 871-872 (7th Cir. 2011) citing *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009)).

The day after the Doc. #86 text order confirmed that Plaintiff had no interest in stepping back and taking an objective look at the case, a second, separate Rule 11 letter was provided to Plaintiff's counsel [See Exhibit 1, July 3 letter, incorporated by reference. Also see Exhibit 2, February 3 letter].

> February 3, 2025, you were provided a litigation hold, evidence preservation, and notice letter referencing Federal Rule of Civil Procedure Rule 11 (F.R.C.P Rule 11). Among other things, we said: First, this is to provide notice that pursuit of the claims on the basis presented in the First Amended Complaint is in violation of Federal Rule of Civil Procedure Rule 11. The right to recover all sanctions, damages, attorney fees, expenses, and remedies for false, defamatory

allegations made is reserved to the Kelly family and no rights are waived by the Kelly family. This is also an early opportunity for you to attempt to mitigate the damage caused, withdraw the unfounded allegations, issue a public apology, and reimburse the Kelly family for their attorney fees, expenses, and damages that are now accruing.

Continuing undeterred despite multiple alerts, Plaintiff submitted the required status report at least beginning some acknowledgement and responsibility for initiating litigation in violation of the rules.

4. Since the issuance of the foregoing docket entry, counsel for the Defendants, particularly counsel for Brian Kelly and Nicole Kelly, have used and repeated the Court's comments in their communications to the Court and Plaintiff, which includes threats of sanctions against Plaintiff for the filing of this action and continued pursuit thereof. See e .g. , "Exhibit 1" attached hereto.
5. Pursuant to Fed. R. Civ. P. 41 (1 )(A)(i), Plaintiff opts to voluntarily dismiss the Complaint filed against Defendants in this matter, without prejudice. [Doc. # 87, Page ID 1526].

Plaintiff's attempt to avoid sanctions and dismissal with prejudice is too little, too late. "These claims may have been shallow, but the volume of pleadings, documents, and other clutter in the record could fill a bottomless pit. We have little sympathy for the litigant who fires a big gun, and when the adversary returns fire, complains because he was only firing blanks." *Brandt v. Schal Assoc., Inc.*, 960 F.2d 640, 648 (7th Cir. 1992).

The *Brandt* court's remarks are on target here. Plaintiff remains openly unrepentant and in defiance of fundamental obligations according to Rule 11 and § 1927. After firing a big gun alleging Constitutional claims and fraud without a legal basis, after trying to run from addressing the clutter in the record wholly created by Plaintiff's improper litigation, after receiving direction from the Court, Plaintiff's counsel issued a statement to the media commenting (again) about

pending litigation and filing more litigation in state court. (See Exhibit 3, July 14, 2025 article, "Vecchio Law Offices, which represents the plaintiff, says it plans to re-file the case in state court later this week.")

(Also at https://www.wifr.com/2025/07/14/federal-lawsuit-against-hononegah-high-school-dismissed-attorneys-refile/). It appears that limited court resources continue to be wasted as more improper claims were filed on July 25, 2025. (See Winnebago County Clerk docket, Case # 2025-LA-0000255, Castelli v. Hononegah, etc., et al, https://fce.wincoil.gov/fullcourtweb/civilCase.do?CourtCaseId=181963523&PageNumber=1&PageSize=10) (the State Court case).

In the interest of avoiding more clutter in the record, recognizing this Court's impatience as well, the Kelly Defendants ask the Court to take judicial notice of the State Court complaint.[2] (Judicial notice includes proceedings in other courts, both within and outside of the federal judicial system), *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996); accord *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021) (Judicial notice of matters of public record including court filings from state court). Attached as Exhibit 4 is a short chart comparing the Vecchio/Castelli State Court claims to the claims raised in this venue. Recognizing there are some formatting and State Court reference changes in the State Court complaint, Exhibit 4 demonstrates that nine of the ten claims are duplicated. More telling is Plaintiff did not bother to remove the defective federal claims. Plaintiff is forum shopping, abusing the system, trying to avoid duties owed to the Court and parties.

---

[2] Adding another 300+ pages from the State Court complaint is unnecessary to make the point about sanctions and forum shopping.

Plaintiff should be deterred from firing any more shots in this court or any other court related to the claims being pursued. The Kelly Defendants ask the Court to impose sanctions and other relief by:

a) amending and converting case closure to a dismissal with prejudice, with *res judicata* affect as a sanction [ref. Doc. # 91];

b) awarding attorney fees in an amount in excess of $25,000 as a sanction representing all fees, costs, and expenses incurred by all Defendants, including consideration of fees by the School District Defendants, responding to litigation that should not be in any court;

c) that sanctions include all fees, costs, and expenses incurred in bringing this Motion;

d) as an alternative, awarding attorney fees, costs, and expenses pursuant to 28 U.S.C. § 1927 against Plaintiff's counsel or;

e) as an alternative converting to a dismissal with prejudice and awarding sanctions pursuant to the Court's inherent authority. [3]

## II. Applicable Rules and Standard of Review

Federal Rule of Civil Procedure Rule 11 (Rule 11) states in part:

**(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; …

---

[3] For clarity, this Motion is brought only on behalf of the Kelly Defendants for now. Reference to fees, costs, or expenses incurred by the School District Defendants is for comparison for consideration of an appropriate sanction. The School District Defendants have independent counsel and may or may not choose to adapt, join, or file a separate request and this Motion does not presume to intrude upon co-defendants' strategic decisions.

**(c) Sanctions**.

(1)  In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Related to Rule 11 is 28 U.S.C. § 1927 that states: "**Counsel's liability for excessive costs.** Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (Bold in original).

The standard of review for both rules is an abuse of discretion. While Rule 11 and § 1927 tend to overlap, "The purpose of both Rule 11 and section 1927 is to deter frivolous litigation and abusive practices by attorneys, [internal citations omitted] and to ensure that those who create unnecessary costs also bear them." *Kapco v. C&O Enterprises*, 886 F.2d 1485, 1491 (7th Cir. 1989).

Because a violation of Rule 11 is complete when an offending paper or papers is filed, a Rule 41(a)(1) voluntary dismissal does not expunge the potential sanction. The motion for sanctions may be filed after the plaintiff filed a notice of dismissal. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

In *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928 (7th Cir. 1989), the Seventh Circuit decided the case *en banc* to harmonize the standard of review for

sanctions. Although there are adjustments to the Rule since then, the *Mars Steel* case and analysis remains the beacon to follow today.

Any notion of an "empty head but a pure heart" defense is gone. *Id.* at 932. Random theories cannot be dumped into the docket with an expectation that either the court or opposing counsel will do Plaintiff's research, factual, and legal investigation. *Id.*

> Rule 11 creates duties to one's adversary and to the legal system, just as tort law creates duties to one's client. The duty to one's adversary is to avoid needless legal costs and delay. The duty to the legal system (that is, to litigants in other cases) is to avoid clogging the courts with paper that wastes judicial time and thus defers the disposition of other cases or, by leaving judges less time to resolve each case, increases the rate of error. Rule 11 allows judges to husband their scarce energy for the claims of litigants with serious disputes needing resolution. *Id.*

The duty analysis is an objective standard focusing on what should have been done before filing anywhere. *Id.* Here, counsel admits that no other attorney would take the case. In terms of an objective standard and warning, it is obvious that a complaint should never be filed in this court or any other court.

## III. Application of the Law and Rules to the Facts and Pleadings

The First Amended Complaint (Doc. # 22) (FAC) alleged eleven claims against seven School District Defendants and Brian and Nicole Kelly (the Kelly Defendants). Six claims were asserted against the Kelly Defendants: First Claim – First Amendment retaliation vs. all defendants; Seventh Claim – Residency Fraud vs. the Kelly Defendants; Eighth Claim – Fraudulent Concealment vs. all defendants; Eighth Claim (repeated) – violations of Illinois School Code vs. all

defendants; Ninth Claim – civil conspiracy vs. all defendants; and Tenth Claim –
aiding and abetting vs. all defendants.

All Defendants moved to dismiss the FAC. Rather than address the defects,
Plaintiff dodged, or worse, admitted that he was not alleging (and cannot allege)
violation of the School Code statute as a predicate to support an underlying tort.
(Response to MTD, Doc. #78, page 5, Page ID # 1506). Without the School Code as
an underlying tort, no part of the cause of action was ever viable in good faith. [4]

**A. Plaintiff's First Amendment Claim Does Not Exist Against Private Citizens**

The foundational claim of First Amendment retaliation against all Defendants is
demonstrably inadequate. Plaintiff alleged Constitutional violations through 42
U.S.C. § 1983. (FAC, Doc. 22, page 19, Page ID # 491). It is long settled that a
complaint under § 1983 requires a state actor. The First and Fourteenth
Amendments to the Constitution protect citizens from conduct by the government,
but not from conduct by private actors, no matter how egregious that conduct might
be. Both the Seventh Circuit and the U.S. Supreme Court are clear. *Hallinan v.
FOP*, 570 F.3d 811, 815 (7th Cir. 2009) citing *Nat'l Collegiate Athletic Ass'n v.
Tarkanian*, 488 U.S. 179, 191 (1988).

Plaintiff's response was essentially no response. Plaintiff did not bother to
identify a legal contention "warranted by existing law or by a nonfrivolous

[4] The Kelly Defendants adapted and incorporated by reference all aspects of the School
District Defendants' Motion to Dismiss, Memorandum in Support, any anticipated Reply
that may overlap, and the portions that all Defendants have in common. The School
District Motion and the Kelly Defendants Motion and Memorandum in Support provided a
thorough background and legal analysis supporting dismissal with prejudice. Being mindful
of unnecessary repetition, if needed for further consideration those arguments and
documents are incorporated by reference here as well.

argument for extending, modifying, or reversing existing law or for establishing new law." (ala Rule 11). Instead, Plaintiff admitted that he is not alleging (and cannot allege) violation of the School Code statute as a predicate to support an underlying tort. (Response to MTD, Doc. #78, page 5, Page ID # 1506).

Rather than identifying an essential element of a cause of action against the Kelly Defendants, Plaintiff went further astray referring to a writ of mandamus. If there is not a violation to support an underlying tort by a private party, the extraordinary remedy of a writ is even further removed. Also see Exhibit 4, the State Court case added a claim for a Writ of Mandamus anyway.

Without the predicate elements, jurisdiction dissolves along with the entire cause of action. The pleading defects and corresponding admissions are fatal to all of the claims and were from the start.

### B. There is Not a Private Right of Action for Residency Fraud and Plaintiff Lacks Standing to Assert Any of the Claims Presented

Here, in one clear sentence, Plaintiff took himself out of any court, admitting that there is not a cause of action against the Kelly Defendants.

"Plaintiff's response: Without any admission or denials, Plaintiff requests leave of Court to amend Count VII (residency fraud) of his Complaint against the Kelly Defendants. (Underline in original).

In Count VII of his First Amended Complaint, Plaintiff is not attempting to use a statutory enactment (ie. the Illinois School Code) as the predicate for a tort action." (Response to MTD, Doc. #78, page 5, Page ID # 1506).

Setting aside that statement is directly contrary to the core allegations of the FAC, without the residency statute that is the singular "statutory enactment" as

the predicate for all of the asserted theories, Plaintiff did not have a basis for any of the claims raised against any of the Defendants.

It is unnecessary to delve any further into the remainder of Plaintiff's theories. Plaintiff does not bother to provide substantive response, instead referring back to the same deflection … "Without any admission or denials, Plaintiff requests leave of Court to amend ...[and] Plaintiff reasserts and realleges his response [etc.] …" (See Response to MTD, Doc #78, pages 6, 7, 10, Page ID #s 1507, 1508, 1511).

Plaintiff's strategy of dodging responsibility is the equivalent of a default. It is equally well settled that failure to respond is waiver or abandonment of claims. *Braun v. Vill. of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022) ("By not responding to alleged deficiencies in a motion to dismiss" claims are abandoned). Judges are busy, it is an adversarial system and a court is not responsible for doing counsel's job. The parties were told the Court is busy. Plaintiff ignored that warning along with all the others. Failure to respond is the equivalent of a default. *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011).

### C. Forum Shopping is Properly Considered for Sanctions

Plaintiff's efforts to evade accountability by jumping between federal and state court is unavailing whether it is under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority to prevent vexatious, improper litigation resulting in waste of judicial resources. A court can, and should, consider imposing sanctions for filing serial lawsuits in an effort to evade previous rulings on the merits, or lack of merit. Both the U.S. Supreme Court and the Seventh Circuit provide guidance.

In *Boyer v. BNSF Ry. Co.*, 832 F.3d 699 (7th Cir. 2016), the court discussed the interplay between section 1927 sanctions and a court's inherent authority to control limited judicial resources and the docket. It is axiomatic that a party such as Plaintiff or Plaintiff's counsel may be sanctioned for "willfully abusing the judicial process and/or pursuing a bad-faith litigation strategy by initiating … litigation in a patently inappropriate forum", that a court's authority extends to conduct that occurs before other tribunals, and notably – sanctions may be imposed for "blatant forum-shopping" evidenced by a decision to re-file a case in state court "with the specific intent of circumventing [a federal court's] dismissal of ... [an] earlier suit." *Id.* at 701-702 citing *John Akridge Co. v. Travelers Cos.*, 944 F. Supp. 33, 34 (D.D.C. 1996), *j. aff'd*, 1997 U.S. App. LEXIS 19083, 1997 WL 411654 (D.C. Cir. June 30, 1997) (unpublished).

Similar to pleading himself out of court with admissions, Plaintiff pled himself into sanctions admitting that with the threat of being held accountable, he decided to voluntarily dismiss and then re-filed to try to circumvent this Court's rulings on the pending motions to dismiss with prejudice.

*Boyer* referenced *Carr v. Tillery*, 591 F.3d 909 (7th Cir. 2010) that bears mentioning for another comparative view. Mr. Carr was a legendary plaintiff's attorney. The breakup of his firm resulted in bitter litigation over disbursement of substantial fees. The litigation lacked objective perspective too. Undoubtedly with great reluctance, the Seventh Circuit dropped the gavel. "This litigation is groundless. The plaintiff is out of control and his lawyers are neglecting their duties

as officers of the state and federal courts by failing to rein him in. The district court is directed to assess a proper monetary sanction … [and] should also consider whether to enjoin Carr from conducting further litigation arising from actions by the defendants of which he has complained in his voluminous filings to date." *Id.* at 920-921.

*Boyer* also cited *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991). A court has the inherent power to sanction a party that "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Sanctions include attorney fees and dismissal of a case. This power is consistent with, and not displaced by, the existence of either Rule 11 or 28 U.S.C. § 1927. Such power "extends to a full range of litigation abuses." *Id.* at 46.

## IV. Conclusions

As the Seventh Circuit said following the U.S. Supreme Court, "Neither psychological harm 'produced by observation of conduct with which one disagrees' nor offense at the behavior of government and a desire to have public officials comply with one's view of the law constitutes a cognizable injury." *Johnson v. United States OPM*, 783 F.3d at 660 – 661 (7th Cir. 2015). No one is injured by a request that can be declined. *Freedom from Religion Foundation, Inc.*, 641 F.3d at 806 (7th Cir. 2011).

Plaintiff is forum shopping, abusing the system, trying to avoid duties owed to the Court and parties.

Plaintiff should be deterred from firing any more shots in this court or any other court related to the improper claims being pursued.

13

WHEREFORE, Brian and Nicole Kelly pray that the Motion for Sanctions is granted and:

a) that the case closure is converted to a dismissal with prejudice, with *res judicata* affect as a sanction [ref. Doc. # 91];
b) that the Kelly Defendants are awarded attorney fees in an amount in excess of $25,000 as a sanction representing all fees, costs, and expenses incurred by all Defendants, including consideration of fees by the School District Defendants, responding to litigation that should not be in any court;
c) that sanctions include all fees, costs, and expenses incurred in bringing this Motion;
d) that all Rule 11 sanctions are joint and several against Plaintiff, Plaintiff's counsel, Plaintiff counsel's partners and law firm (Vecchio Law Offices);
e) as an alternative, that the Kelly Defendants are awarded attorney fees, costs, and expenses pursuant to 28 U.S.C. § 1927 against Plaintiff's counsel;
f) as an alternative converting to a dismissal with prejudice and awarding sanctions pursuant to the Court's inherent authority; and
g) for such other further or different relief that may be appropriate under the circumstances.

Dated: July 30, 2025

Respectfully submitted,
Defendants Brian and Nicole Kelly,


By: /s/ *Steve C. Silvey*
_____
Their Attorney

Steve C. Silvey
Patterson Law Firm, LLC
200 West Monroe Street, Suite 2025
Chicago, IL 60606
(312) 558-9598
ssilvey@pattersonlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 30, 2025, he caused DEFENDANTS BRIAN AND NICOLE KELLY'S MOTION FOR SANCTIONS AND MEMORANDUM OF LAW IN SUPPORT to be electronically filed with the Clerk of the Court for the Northern District of Illinois using the Court's CM/ECF system which will send notification of such filing to the following registered participant(s) with a copy served by e-mail to:

Kelly A. Vecchio
One Court Place, Suite 101
Rockford, IL 61101
kelly@vecchiolawoffices.com
Phone: 815-962-4019

Julie A. Bruch
Lance A. Neyland
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847-291-0200
Fax:     708-621-5538
Email: jbruch@ifmklaw.com

By:    /s/   *Steve C. Silvey*
          Attorney for Defendants,
          Brian and Nicole Kelly

EXHIBIT 001

**EXHIBIT 001**



PATTERSON LAW FIRM
THE BUSINESS LAWYERS TO CALL IN A CRISIS®

July 3, 2025

**By email to kelly@vecchiolawoffices.com**
Kelly A. Vecchio
Vecchio Law Offices
One Court Place, Suite 101
Rockford, IL 61101

Re: Vecchio/Castelli, etc. vs. Hononegah School Dist., etc., Ct. No. 24-cv-50423

Dear Ms. Vecchio,

February 3, 2025, you were provided a litigation hold, evidence preservation, and notice letter referencing Federal Rule of Civil Procedure Rule 11 (F.R.C.P Rule 11). Among other things, we said:

> First, this is to provide notice that pursuit of the claims on the basis presented in the First Amended Complaint is in violation of Federal Rule of Civil Procedure Rule 11. The right to recover all sanctions, damages, attorney fees, expenses, and remedies for false, defamatory allegations made is reserved to the Kelly family and no rights are waived by the Kelly family. This is also an early opportunity for you to attempt to mitigate the damage caused, withdraw the unfounded allegations, issue a public apology, and reimburse the Kelly family for their attorney fees, expenses, and damages that are now accruing.

The February 3 letter suggesting an opportunity to mitigate the damage was ignored. In the interim, it was necessary for the Defendants to begin and continue engaging in extensive motion practice. The Court noted the substantive motions to dismiss and stayed the case pointedly suggesting that the parties (with specific emphasis on context for the initiating party) take an opportunity to reflect upon the wisdom of ill-advised litigation. (Doc. #80). According to the most recent order, the stay is now lifted requiring further unnecessary expense, continuing to strain "the Court's resources and its patience alike" (Doc. #80 and Doc. #86). Also in the interim, Plaintiff filed a Response to the Kellys' Motion to Dismiss essentially admitting the action was initiated for improper purposes prohibited by the rules, that Plaintiff did not intend to rely upon the operative statute for the required *prima facie* elements of the claims or to establish jurisdiction for the Court.

In Count VII of his First Amended Complaint, Plaintiff is not attempting to use a statutory enactment (ie. the Illinois School Code) as the predicate for a tort action. Plaintiff wants to force the School District Defendants, who are responsible for implementing provisions of the Illinois School Code, to do what the law requires, and for the Kelly Defendants to follow it. Where, as alleged here, all Defendants have failed or refused to comply with the requirements imposed by statute, the courts may compel them to do so by means of a writ of *mandamus*. Plaintiff seeks to amend his Complaint against the Defendants to see [sic]a writ of *mandamus*. (Response to MTD, Doc. #78, page 5).

Without the prima facie elements of the underlying tort (that is admittedly not being relied upon and cannot be asserted as a matter of law), reference to a writ of *mandamus* is another step removed from fundamental and proper pleading of any theoretical claim and good faith requirements.

F.R.C.P. Rule 11 states in part:

(c) Sanctions.

(1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions*. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

As previously stated in the February 3 letter, pursuit of the claims on the basis presented in the First Amended Complaint and now the Second Amended Complaint is in violation of the rule. This is the second (if not the third) and final opportunity for you to attempt to mitigate the damage caused, withdraw the unfounded allegations, issue a public apology, dismiss all of the claims against the Kellys with prejudice, and reimburse the Kelly family for their attorney fees, expenses, and damages that are accruing.

Vecchio Rule 11
July 3, 2025
Page 3 of 3

Although the courtesy time extension probably expired after the February notice, referring to an additional 21 days in F.R.C.P. Rule 11 (c)(2), thereafter we will request the Court to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." A request will be made for sanctions against "any attorney, law firm, or party" found accountable to be joint and several as allowed by the rule.

We remain hopeful that this third communication will have some effect: that Plaintiff will finally pause "take a deep breath, and step back from this case for a moment to consider the big picture"; dismiss the litigation with prejudice; and stop straining "the Court's resources and its patience alike" over "the starting lineup for a high school football team." The litigation admittedly does not have an underlying tort to support a claim, damages, a prospective, or retrospective legal or equitable remedy available. (Response to MTD, Doc. #78, pages 5, 6, 7, 10, Doc. #80 and Doc. #86).

Hope aside, the right to recover all sanctions, damages, attorney fees, expenses, and remedies for improper, false, defamatory allegations made is reserved to the Kelly family and no rights are waived by the Kelly family.

Sincerely,
Brian and Nicole Kelly
By:

One of Their Attorneys

SCS/cm

Cc: Julie A. Bruch by email to jbruch@ifmklaw.com
    By first class mail to Kelly Vecchio, Vecchio Law Firm

EXHIBIT 002

**EXHIBIT 002**



**PATTERSON LAW FIRM**
THE BUSINESS LAWYERS TO CALL IN A CRISIS®

February 3, 2025

**By email to kelly@vecchiolawoffices.com**
Kelly A. Vecchio
Vecchio Law Offices
One Court Place, Suite 101
Rockford, IL 61101

Re: **LITIGATION HOLD**
    Vecchio/Doe, etc. vs. Hononegah School Dist., etc., Ct. No. 24-cv-50423

Dear Ms. Vecchio,

We are assisting Brian and Nicole Kelly in the captioned matter.

From an initial review of the litigation and preliminary understanding of the facts, it appears that the allegations against the Kelly family are being made for an improper purpose. The First Amended Complaint was filed to harass, is unwarranted and contrary to existing law, and does not have a good faith basis in either law or fact. Unfortunately, the filing and posture presented requires protection of information related to the allegations made.

First, this is to provide notice that pursuit of the claims on the basis presented in the First Amended Complaint is in violation of Federal Rule of Civil Procedure Rule 11. The right to recover all sanctions, damages, attorney fees, expenses, and remedies for false, defamatory allegations made is reserved to the Kelly family and no rights are waived by the Kelly family. This is also an early opportunity for you to attempt to mitigate the damage caused, withdraw the unfounded allegations, issue a public apology, and reimburse the Kelly family for their attorney fees, expenses, and damages that are now accruing.

Second, it is regretful that we need to address such ill-advised litigation in the first instance. This is also to notify you to put an immediate hold on all Documents and all material that is referenced, related to, in support of, or not in support of:

    1) the Complaint (docket document 1);
    2) the First Amended Complaint (docket document 22);

Litigation Hold – Vecchio
February 3, 2025
Page 2 of 5

3) original, unredacted, and all copies of the First Amended Complaint exhibits 1 through 32 (docket documents 22-1 through 22-32);

4) all statements made at any time to anyone that any of the Kelly family engaged in illegal conduct;

5) the letter published and referenced in the Rockford Register Star that "[your son's] entire senior year football season has been stolen from him by the school, coaches, and the (family of the transfer) – the latter of whom chose to illegally falsify information for their own gain;"

6) all publications of the October 2, 2024 letter in whole or in part, redacted or unredacted (docket document 1-11);

7) all statements made to anyone at any time that "[Brian or Nicole Kelly]- the latter of whom chose to illegally falsify information for their own gain;"

8) all Documents exchanged, provided, or referencing Brian Kelly;

9) all Documents exchanged, provided, or referencing Nicole Kelly;

10) all Documents exchanged, provided, or referencing Dominick Kelly;

11) all Documents exchanged, provided, or referencing Brian Zimmerman;

12) all Documents exchanged, provided, or referencing Jeremy Warren;

13) all Documents exchanged, provided, or referencing Adnrew Walters;

14) all Documents exchanged, provided, or referencing Kendra Asbury

15) all Documents exchanged or provided to the Rockford Register Star;

16) all Documents exchanged or provided to any media person, entity, application, or platform;

17) all Documents related to or referencing any inquiry performed that the First Amended Complaint was presented for a proper or improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

18) all Documents related to or referencing that the claims made in the First Amended Complaint are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

19) all Documents related to or relied upon for the allegation that "The Kellys obtained temporary housing in Illinois for the sole purpose of the Transfer Student's tuition-free attendance at HCHS and participation in HCHS school sports;"

20) all Documents related to or relied upon for the allegation that "Upon information and belief, the Kellys submitted information to HCHS and IHSA which falsely states or otherwise misrepresents that their permanent residence is in the State of Illinois;"

21) all Documents related to or relied upon for the allegation that "The Kellys knowingly and willfully presented false information to HCHS school district regarding their permanent residence and enrolled the Transfer Student in the school district for the sole purpose of tuition-free attendance at HCHS and participation in HCHS school sports;"

Litigation Hold – Vecchio
February 3, 2025
Page 3 of 5

22) all Documents related to or relied upon for any allegation that the Kellys presented any false information to HCHS school district;

23) all Documents related to or relied upon for the allegation that "Upon information and belief, the Kellys and Defendant coaches knowingly and intentionally concealed information regarding the Kelly's permanent residence from HCHS administration for their son to participate on the football team;"

24) all Documents related to or relied upon for any allegation that John Doe (Vecchio's son) had any right to a starting position on the HCHS football team;

25) all Documents related to or relied upon for any allegation that John Doe (Vecchio's son) had any college football prospects;

26) all Documents related to or relied upon for any allegation that John Doe (Vecchio's son) had any opportunity to play football at the collegiate level;

27) all Documents related to or relied upon for any allegation that John Doe (Vecchio's son) had any right to play football at the collegiate level;

28) all Documents related to or relied upon for the allegation that "Upon information and belief, the summer or fall of 2023 Zimmerman and/or other assistant coaches under his supervision, induced or otherwise encouraged the Kellys to obtain a residence within the HCHS school district for the sole purpose of the Transfer Student playing in a starting position on the HCHS football team";

29) all Documents related to or relied upon for any allegation that the Kellys committed "residency fraud;"

30) all Documents related to or relied upon for any allegation that either Brian Kelly or Nicole Kelly breached a contract;

31) all Documents related to or relied upon for any allegation of any contract between the Kellys, Vecchio, or John Doe (Vecchio's son);

32) all Documents related to or relied upon for any allegation that either Brian Kelly or Nicole Kelly committed "fraud;" and

33) all Documents related to or relied upon for any allegation that either Brian Kelly or Nicole Kelly "fraudulently" concealed anything.

You are notified to preserve all Documents that are or might be construed as relevant to these matters and relate in any way to the Complaint (docket document 1), the First Amended Complaint (docket document 22), possible investigations, claims, counterclaims, crossclaims, defenses, controversies, proceedings, or litigation that may exist now or in the future. All such information is collectively called "Documents." Should any such documents or communications be deleted or destroyed, we may seek all allowable sanctions for failure to preserve, destruction, or spoliation, in addition to any other sanctions or remedies.

Litigation Hold – Vecchio
February 3, 2025
Page 4 of 5

The term Documents includes, but is not limited to: all electronically stored information ("ESI") and as defined in the Federal Rules of Civil Procedure; all metadata; all online access data such as temporary files, temporary internet files, history, cookies, internet browser histories, internet search histories, internet sites visited, websites, web pages, social media postings (Facebook, Twitter, X, Instagram, LinkedIn, What's App, SnapChat, Slack, Hudl, and similar); internal and external communications (including, but not limited to, electronic mail and any attachments thereto), video conferences (Zoom, GoToMeeting, Microsoft Teams, Google Meetings, FaceTime, Skype and similar), letters, documents, workpapers, draft documents, handwritten or other notes, memos, reports, charts, statements, voice mails, calendar entries, text messages, backup files, and all other personal or business records containing any information or data that relates, pertains to, references, mentions or describes the claims asserted, the topics in the Complaint or the First Amended Complaint by, between, among any of Kelly Vecchio, the Vecchio Law Firm, John Doe (Vecchio's son), Brian Kelly, Nicole Kelly, any other Defendant, any third party, and all from January 1, 2020 to the present. If you or any members, employees, agents, attorneys, or representatives have any doubt about whether potential materials are relevant or should be preserved, such materials must be preserved.

Evidence, potential evidence, and Documents must be retained regardless of where Documents are located or how material may be stored. In keeping with these obligations, you must preserve all evidence located on individual personal computers, laptop computers, handheld devices including mobile phones and personal digital assistants, magnetic disks, optical disks, portable drives, thumb drives and all other data storage or transfer devices and mediums under your possession, custody, knowledge, or control, or under possession, custody, knowledge, or control of Kelly Vecchio, Vecchio Law Offices, John Doe (your son), or any members, employees, agents, attorneys, and representatives of Kelly Vecchio, Vecchio Law Offices, or John Doe (your son). The work email and equipment of Kelly Vecchio and Vecchio Law Offices were used to communicate. PLEASE NOTE THAT YOU MUST TAKE STEPS TO PRESERVE ALL POTENTIAL EVIDENCE AND DOCUMENTS THAT MAY BE LOCATED ON ANY WORK OR PERSONAL EQUIPMENT.

It may be necessary for you to immediately identify and modify or suspend features of information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include: purging the contents of e-mail repositories by age, capacity or other criteria, whether manually or automatically; using data or media wiping, disposal, erasure or encryption utilities or devices; overwriting, erasing, destroying or discarding back up media; re-assigning, re-imaging or disposing of systems, servers, devices or media; running antivirus or other programs

Litigation Hold – Vecchio
February 3, 2025
Page 5 of 5

affecting wholesale metadata alteration; releasing or purging online storage repositories; using metadata stripper utilities; disabling server or IM logging; and executing drive or file defragmentation or compression programs.

The foregoing is not intended to be exclusive. This is written without prejudice to any rights and remedies that our clients may have, all of which are expressly reserved, and no rights are waived.

Please acknowledge receipt of this communication by return email, individually, and as authorized agent of Vecchio Law Firm, and on behalf of John Doe (your son).

Sincerely,
Brian and Nicole Kelly
By:

One of Their Attorneys

SCS/cm

Cc: Julie A. Bruch by email to jbruch@ifmklaw.com
     By first class mail to Kelly Vecchio, Vecchio Law Firm, and John Doe (Vecchio's son)

EXHIBIT 003

EXHIBIT 003



**News**   **Livestream**   **First Alert Weather**   **I-team**   **See It Send It**

Rockford, IL

ADVERTISEMENT

# Federal lawsuit against Hononegah High School dismissed, attorneys to re-file



**EXHIBIT 003**

☰  **News**  **Livestream**  **First Alert Weather**  **I-team**  **See It Send It**  🔍

*Published: Jul. 14, 2025 at 5:32 PM EDT*

✉ ⓕ 𝕏 ⓟ 🅛

(WIFR) - A federal lawsuit against Hononegah High School and district leaders is dismissed at the plaintiff's request.

The lawsuit, filed in October 2024, claimed the school and district leaders mishandled the fallout surrounding sanctions against the school and its 2024 football program by the Illinois High School Association.

The lawsuit claimed coaches and teammates retaliated against a Hononegah student and former football player "John Doe," after his parent reported eligibility issues involving another team member. Attorneys for John Doe alleged he was severely bullied and school officials did not support him.

The lawsuit was dismissed July 10 without prejudice.

ADVERTISEMENT

Vecchio Law Offices, which represents the plaintiff, says it plans to re-file the case in state court later this week.

*Copyright 2025 WIFR. All rights reserved.*

ADVERTISEMENT

EXHIBIT 004

**Vecchio/Castelli Complaint Comparison**



**EXHIBIT 004**

07/29/2025

| **Case # 2025-LA-000025** | **Case # 24-CV-50423** |
|---|---|
| **Winnebago County, Illinois** | **U.S. District Court, N.D. Illinois** |
| | (First Amended Complaint, Doc. #22) |

| | |
|---|---|
| COUNT I: (at page 21)<br>AGAINST ALL SCHOOL DISTRICT DEFENDANTS<br>FREEDOM OF SPEECH RETALIATION<br>42 U.S.C. §1983 - FIRST AMENDMENT CLAIM<br>735 ILCS 5/2-209 | FIRST CLAIM  (at page 19, page ID #491)<br>AGAINST ALL DEFENDANTS<br>FREEDOM OF SPEECH RETALIATION<br>42 U.S.C. §1983 - FIRST AMENDMENT CLAIM |
| COUNT II:  (at page 25)<br>VIOLATION OF<br>THE ILLINOIS STUDENT RECORDS ACT<br>105 ILCS 10/ et seq.<br>WILFUL AND WANTON<br>RELEASE OF PRIVATE INFORMATION | SECOND CLAIM (at page 23, page ID #495)<br>VIOLATION OF FERPA<br>AND ILLINOIS STUDENT RECORDS ACT<br>20 U.S.C. § 1232g and 105 ILCS 10/ et seq.<br>WILFUL AND WANTON<br>RELEASE OF PRIVATE INFORMATION |
| COUNT III: (at page 27)<br>AGAINST ALL DEFENDANTS<br>BREACH OF CONTRACT, OR ALTERNATIVELY<br>BREACH OF IMPLIED CONTRACT<br>HCHS HANDBOOKS | THIRD CLAIM (at page 24, page ID #496)<br>AGAINST HCHS, DOUGHERTY, WALTERS,<br>ZIMMERMAN, WARREN, AND ASBURY<br>BREACH OF CONTRACT, OR ALTERNATIVELY<br>BREACH OF IMPLIED CONTRACT |
| COUNT IV: (at page 35)<br>AGAINST DEFENDANTS DOUGHERTY, WALTERS,<br>ZIMMERMAN, WARREN, AND ASBURY<br>WILLFUL AND WANTON CONCEALMENT | FOURTH CLAIM (at page 31, page ID #503)<br>AGAINST DOUGHERTY, WALTERS,<br>ZIMMERMAN, WARREN, AND ASBURY<br>WILLFUL AND WANTON CONCEALMENT |
| COUNT V: (at page 38)<br>AGAINST DOUGHERTY, WALTERS,<br>ZIMMERMAN, WARREN, AND ASBURY<br>WILLFUL AND WANTON FAILURE TO PROTECT | FIFTH CLAIM (at page 34, page ID #506)<br>AGAINST DOUGHERTY, WALTERS,<br>ZIMMERMAN, WARREN, AND ASBURY<br>WILLFUL AND WANTON FAILURE TO PROTECT |
| COUNT VI: (at page 41)<br>AGAINST DOUGHERTY,<br>ZIMMERMAN, WARREN, AND WALTERS<br>INTENTIONAL INFLICTION<br>OF EMOTIONAL DISTRESS | SIXTH CLAIM (at page 37, page ID #509)<br>AGAINST DOUGHERTY,<br>ZIMMERMAN, WARREN, AND WALTERS<br>INTENTIONAL INFLICTION<br>OF EMOTIONAL DISTRESS |
| COUNT VII (new): (at page 44)<br>AGAINST ALL DEFENDANTS<br>PETITION FOR WRIT OF MANDAMUS | |
| COUNT VIII: (at page 51)<br>AGAINST ALL DEFENDANTS<br>WILLFUL AND WANTON MISCONDUCT<br>FRAUDULENT CONCEALMENT | EIGHTH CLAIM (repeated in original)<br>(at page 42, page ID #514)<br>AGAINST ALL DEFENDANTS<br>FRAUDULENT CONCEALMENT |

**Vecchio/Castelli Complaint Comparison**

**Case # 2025-LA-000025**
**Winnebago County, Illinois**

**Case # 24-CV-50423**
**U.S. District Court, N.D. Illinois**
(First Amended Complaint, Doc. #22)



| | |
|---|---|
| (missing but allegations remain) | EIGHTH CLAIM (repeated in original)<br>AGAINST ALL DEFENDANTS<br>VIOLATIONS OF ILLINOIS SCHOOL CODE |
| COUNT IX: (at page 54)<br>AGAINST ALL DEFENDANTS<br>WILLFUL AND WANTON MISCONDUCT<br>CIVIL CONSPIRACY | NINTH CLAIM (at page 47, page ID #519)<br>AGAINST ALL DEFENDANTS<br>CIVIL CONSPIRACY |
| COUNT X: (at page 56)<br>AGAINST ALL DEFENDANTS<br>WILLFUL AND WANTON MISCONDUCT<br>AIDING AND ABETTING | TENTH CLAIM (at page 48, page ID #520)<br>AGAINST ALL DEFENDANTS<br>AIDING AND ABETTING |
| (missing but allegations remain) | SEVENTH CLAIM (at page 39, page ID #511)<br>AGAINST BRIAN KELLY AND NICOLE KELLY<br>RESIDENCY FRAUD |